# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TARIQ K. BILAL, and <br> CARLOS H. GARCIA, #M41479 <br> <br> Plaintiffs, <br> <br> vs. <br> <br> LAWRENCE CORRECTIONAL <br> CENTER, and <br> SAMER HERNANDEZ, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 19-cv-00687-NJR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court *sua sponte* for case management. Plaintiffs Tariq Bilal and Carlos Garcia bring this civil rights action pursuant to 42 U.S.C. § 1983 for the rape of Plaintiff Garcia by his cellmate. (Doc. 1). Plaintiffs are requesting money damages.

Although both Plaintiffs have signed the Complaint, it is not entirely clear whether they both intended to bring claims, and if so, whether they intended to bring their claims jointly. The events giving rise to this civil rights complaint occurred while Plaintiff Garcia, who is presently incarcerated at Pontiac Correctional Center, was housed at Lawrence Correctional Center ("Lawrence") and pertain only to him. Further, the address associated with Plaintiff Bilal is a residential address in White Plains, New York. Because of Plaintiff Bilal's residential address and the absence of any allegations pertaining to Plaintiff Bilal, the Court cannot ascertain whether he was ever incarcerated at Lawrence. Finally, one Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is signed by Plaintiff Garcia, while the other (Doc. 3) is signed by both Plaintiffs, Garcia

1

and Bilal. Under the circumstances, the Court deems it necessary to address several preliminary matters before completing a review of this case pursuant to 28 U.S.C. § 1915A.

### GROUP LITIGATION BY MULTIPLE PRISONERS

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. The Court must advise them of the consequences of proceeding in this manner, however, including their filing fee obligations, and give them an opportunity to withdraw from the case or sever their claims into individual actions.

The Seventh Circuit addressed the difficulties in administering group prisoner Complaints in *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). District courts are required to accept joint Complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." That said, a district court may turn to other rules of civil procedure to manage a multi-plaintiff case. For example, if appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

Additionally, in reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, a prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

There are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are two plaintiffs, the plaintiffs' postage and copying costs for filing motions, briefs, or other papers will be twice as much as that of a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. On the other hand, a prisoner litigating jointly assumes those risks for all of the claims in the group Complaint, whether or not they concern him personally. Also, if the Court finds that the Complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases, each of which involves an additional filing fee obligation and the risk of a "strike" within the meaning of 28 U.S.C. § 1915(g). Plaintiffs may wish to consider *Boriboune* and the afore-mentioned factors in determining whether to assume the risks of group litigation.

The Court further notes that multi-plaintiff suits, particularly ones such as this where all the plaintiffs may not remain at the same location during the proceedings, may be difficult to coordinate. For example, if Plaintiffs desire to continue this litigation as a group, any proposed amended complaint or other document filed on behalf of multiple Plaintiffs *must be signed by each of the Plaintiffs.* As long as the Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7 Cir. 1986); FED. R. CIV. P. 11. A non-attorney cannot file or sign papers for another litigant. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Seventh Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner *pro se* litigants face in joint *pro se* litigation, and "give them an opportunity to drop out." *Id.* at 856. In keeping with this suggestion, the Court offers Plaintiff Bilal an opportunity to withdraw from this litigation before the case progresses further.[1] Plaintiff may wish to take into consideration the following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- If, at the time of filing, Plaintiff Bilal was a "prisoner" pursuant to 28 U.S.C. § 1915(h), he will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In Plaintiff Bilal's claims that are subject to screening under Section 1915A or Section 1915(e)(2), the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he may be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group Complaint, Plaintiff Bilal will have filing fee obligations.[2]

---

[1] Plaintiff Garcia, who the Court designates the "lead" Plaintiff in this case, as he is the only Plaintiff mentioned in the Complaint, is not afforded such an opportunity.

[2] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

## DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff Bilal shall advise the Court in writing on or before **August 16, 2019,** whether he wishes to continue as a plaintiff in this group action. If, by that deadline, Plaintiff Bilal has **not** advised the Court that he wishes to participate in this action, he will be dismissed from the lawsuit and will not be charged a filing fee for this action. **In other words, Plaintiff Bilal need only take action if he wishes to continue as a plaintiff in this group action**.

**IT IS FURTHER ORDERED** that, if Plaintiff Bilal wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing by **August 16, 2019** . His claims shall then be severed into a new action where a filing fee *will* be assessed in lieu of a filing fee in *this* case.

**IT IS FURTHER ORDERED** that, should Plaintiff Bilal choose to continue as a plaintiff in this action or in a severed individual case, he must pay his filing fee of $400.00 or file a properly completed Motion to Proceed *in forma pauperis* on or before **August 16, 2019.**

Plaintiffs are **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the Defendants. Further action by Plaintiffs is required before the Court can complete its preliminary review of this matter under 28 U.S.C. § 1915A. When this review is completed, a copy of the Court's screening order will be forwarded to each Plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order

will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to send a copy of this order to each Plaintiff.

**IT IS SO ORDERED.**

**DATED: 7/17/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**