# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TARIQ K. BILAL, and<br>CARLOS H. GARCIA, #M41479,<br><br>    Plaintiffs,<br><br>vs.<br><br>LAWRENCE CORRECTIONAL<br>CENTER, and<br>SAMER HERNANDEZ,<br><br>    Defendants. | Case No. 19-cv-00687-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Carlos Garcia, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pontiac Correctional Center, and Plaintiff Tariq Bilal bring this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 alleging the rape of Plaintiff Garcia by his cellmate while at Lawrence Correctional Center. (Doc. 1). Plaintiffs seek money damages.

On July 17, 2019, the Court issued an order advising Plaintiffs of the consequences of bringing claims jointly in a single lawsuit, including their filing fee obligations, and giving Plaintiff Bilal an opportunity to withdraw from the case or sever his claims into an individual action. (Doc. 6). Plaintiff Bilal notified the Court prior to the deadline of August 16, 2019, that he wishes to continue in this lawsuit. (Doc. 7, p. 5). He also has filed two Motions to Proceed *in forma pauperis* ("IFP") jointly with Plaintiff Garcia. (Docs. 3 and 9). At the time he filed this Complaint, Plaintiff Bilal was living in a personal residence and states that he is the cousin of Plaintiff Garcia (Doc. 7, p. 4). As such, Plaintiff Bilal does not meet the statutory definition of a "prisoner" for the purposes of the IFP statute. *See* 28 U.S.C. § 1915A. The Court may, however, allow a civil case

1

to proceed without prepayment of fees, if the litigant demonstrates that he is indigent under 28 U.S.C. § 1915(a)(1) by submitting "an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor[,]" and the Complaint survives review under 28 U.S.C. § 1915(e)(2).

Furthermore, because Plaintiff Garcia is a prisoner, the Court is required to review the Complaint under 28 U.S.C. § 1915A. Under both statutes, any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiffs make the following allegations: On August 19, 2017, Plaintiff Garcia's cellmate, Hernandez, a gang member of the Ambro's Latin Folks Nation, received a written note from a member of another gang, the Spanish Cobra Folks Nation. (Doc. 1, p.7). Hernandez flushed the note down the toilet and started acting weird towards Garcia. A while later, while Garcia was reading his book, Hernandez attacked and raped him. During the attack Hernandez accused Garcia of snitching on the Ambro's Latin Folks Nation and threatened to kill him. Following the rape, Garcia pressed the panic button several times, but no one came. Garcia had to wait until 11:00 p.m. to be able to talk to a corrections officer. Garcia told the officer that he needed a crisis team and that he was going to kill himself so that he could get out of the cell and report the incident. Garcia was taken to a hospital in Indiana where a rape kit was performed. *Id.* at p. 8. He then was placed on suicide watch because he wanted to kill himself.

## DISCUSSION

Because Plaintiffs have failed to associate their claims with a proper defendant pursuant to Section 1983, the Complaint must be dismissed for failure to state a claim upon which relief may be granted.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted). While only individuals can be sued under Section 1983 for money damages, neither the Constitution nor other federal law provides for a tort cause of action between private citizens; these causes of action are creatures of state law.

First, Plaintiff Garcia's former cellmate Hernandez, as a private citizen, is an improper defendant. Plaintiffs have not indicated that Hernandez was acting under color of law when he attacked and raped Plaintiff Garcia. As such, Plaintiffs' only avenue for relief based on the claims against Hernandez is in state court. *See Pasiewicz v. Lake County Forest Preserve Dist.,* 270 F.3d 520, 526 (7th Cir.2001) ("The federal government is not the enforcer of state law").

Second, Plaintiffs also cannot pursue a request for money damages against Lawrence Correctional Center ("Lawrence"). Lawrence is not a "person" within the meaning of the Civil Rights Act, and is therefore not subject to a Section 1983 lawsuit. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).

Finally, the Court notes that it appears that Plaintiff Bilal does not have standing pursuant to Article III of the Constitution to bring the claims alleged in the Complaint. "When considering whether a party satisfies the constitutional requirement of standing, the court must determine that 'the plaintiff himself has suffered some threatened or actual injury resulting from the putatively

illegal action.'" *Massey v. Helman,* 196 F.3d 727, 739 (7th Cir. 1999) (citations omitted). As currently drafted, the Complaint only includes allegations affecting Plaintiff Garcia and does not explain how Plaintiff Bilal's rights were violated. Although Plaintiff Bilal states that he is invested in the case and is helping Plaintiff Garcia through the judicial process (Doc. 7, p. 4), he is only entitled to assert his own rights. *Massey v. Helman,* 196 F.3d 727, 739-40 (7th Cir. 1999). If, in fact, Plaintiff Bilal is only attempting to bring claims on behalf of Plaintiff Garcia, he has no standing to do so.

### LEAVE TO AMEND

Plaintiffs will be given an opportunity to re-plead their claims in an amended complaint if they wish to proceed with this case. A successful complaint generally alleges "the who, what, when, where, and how…" *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990). When preparing the amended complaint, Plaintiffs should identify each defendant in the case caption and set forth sufficient allegations against each defendant in the statement of claim to describe what the defendant did or failed to do to violate his constitutional rights.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiffs have filed a Motion for Recruitment of Counsel (Doc. 10). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene,* 615 F.3d 847, 851 (7th Cir. 2010). Federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, the Court finds that Plaintiffs have not provided any information regarding reasonable attempts made to find counsel themselves, such as proof of rejections from law offices. For this reason, Plaintiffs' motion is **DENIED** without prejudice. The Court encourages Plaintiffs to renew the request for the appointment of counsel at a later date. If Plaintiffs do renew the request, they should give the Court rejection letters from at least three lawyers to prove that they have recently made reasonable efforts to find a lawyer on their own.

### DISPOSITION

**IT IS HEREBY ORDERED** that the Complaint shall be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that Plaintiff **BILAL'S** requests to proceed *in forma pauperis* as specified in the Motions jointly filed by both Plaintiffs (*see* Docs. 3 and 9) are **DENIED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2). Should Plaintiff **BILAL** wish to proceed any further with this action, Plaintiff **BILAL** must file a Renewed Motion for Leave to Proceed *in forma pauperis* or prepay the full $400.00 filing fee for this action on or before **September 4, 2019**.

**IT IS FURTHER ORDERED** that Plaintiff **GARCIA'S** requests to proceed *in forma pauperis* as specified in the Motions filed jointly by both Plaintiffs (Docs. 3 and 9) and the Motion to Proceed *in forma pauperis* filed only by Plaintiff **GARCIA** (Doc. 2) will be addressed in a separate order.

**IT IS FURTHER ORDERED** that Motion for Recruitment of Counsel (Doc. 10) is **DENIED** without prejudice.

Plaintiffs are **GRANTED** leave to file a "First Amended Complaint" on or before **September 25, 2019**. Failure to comply with this deadline or the instructions in this Order shall

result in dismissal of this action with prejudice for failure to comply with a court order and/or for failure to prosecute their claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff **GARCIA'S** three allotted "strikes" under 28 U.S.C. § 1915(g), but shall not count as a "strike" against Plaintiff **BILAL** because he was not a prisoner at the time he filed this lawsuit.

It is strongly recommended that Plaintiffs use the civil rights complaint form designed for use in this District. They should label the form, "First Amended Complaint," and they should use the case number for this action (No. 19-cv-00687-NJR). Plaintiffs should attempt to include all the facts of the case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiffs should refrain from filing unnecessary exhibits, but must re-file any of those exhibits they would like the Court to consider when reviewing the First Amended Complaint. They should include only related claims. Unrelated claims against different defendants will be severed into new cases and additional filing fees may be assessed. To enable Plaintiffs to comply with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiffs a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).

Plaintiffs are further **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[1] remains due and payable, regardless of whether Plaintiffs elect to file a First Amended Complaint. 28 U.S.C. § 1915(b)(1).

Finally, Plaintiffs are **ADVISED** that they are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in their addresses; the Court will not independently investigate their whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/21/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.