# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TARIQ K. BILAL, and <br> CARLOS H. GARCIA, #M41479, <br><br> Plaintiffs, <br><br> vs. <br><br> LAWRENCE CORRECTIONAL <br> CENTER, <br> SAMER HERNANDEZ, <br> NICK LAMB, <br> MIKE FUNK, and <br> SANDRA FUNK, <br><br> Defendants. | Case No. 19-cv-00687-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Carlos Garcia, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pontiac Correctional Center, and Plaintiff Tariq Bilal bring this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 alleging the rape of Plaintiff Garcia by his cellmate, while at Lawrence Correctional Center ("Lawrence"). (Doc. 1). Plaintiffs seek money damages. Before the Court is Plaintiff Bilal's renewed Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (Doc. 15) and Amended Complaint (Doc. 17), and Plaintiff Garcia's Motion for Leave to Proceed *in forma pauperis* ("IFP Motion) (Doc. 19) and Motion to Waive Filing Fee (Doc. 20).

### PROCEDURAL BACKGROUND

On July 17, 2019, the Court issued an order advising Plaintiffs of the consequences of bringing claims jointly in a single lawsuit, including their filing fee obligations, and giving Plaintiff

1

Bilal an opportunity to withdraw from the case or sever his claims into an individual action. (Doc. 6). Plaintiff Bilal notified the Court that he wished to continue in this lawsuit, (Doc. 7, p. 5), and the Court reviewed the Complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).[1] (Doc. 11). Because Plaintiffs failed to associate their claims with a proper defendant under Section 1983, the Complaint was dismissed without prejudice, along with Plaintiff Bilal's requests to proceed *in forma pauperis*. (*Id.* at pp. 3, 5). The Court also noted that it did not appear that Plaintiff Bilal had standing to bring the claims alleged in the Complaint. (*Id.* at pp. 3-4). Plaintiff Bilal was granted leave to renew his motion for leave to proceed *in forma pauperis* or prepay the full $400.00 filing fee for this action and both Plaintiffs were granted leave to file a "First Amended Complaint." (*Id.* at p. 5). Plaintiff Bilal renewed his IFP Motion on September 5, 2019, (Doc.15), and filed an Amended Complaint on September 10, 2019. (Doc. 17).

## AMENDED COMPLAINT

As discussed in the original merit review order, under 28 U.S.C. § 1915(a)(1), a federal court is authorized to permit an indigent party to commence a civil action without prepaying the required fees if the party submits an affidavit that includes a statement of all assets he possesses and that demonstrates the party is unable to pay such fees. But that does not end the inquiry. Under Section 1915(e)(2), the Court must also screen Plaintiff Bilal's Amended Complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). For the following reasons, the Amended Complaint does not survive review and so the IFP Motion and Amended Complaint will

---

[1] Although at the time of filing Plaintiff Bilal was not a "prisoner" for the purposes of the IFP statute of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, the Court can allow a civil case to proceed without prepayment of fees, if the litigant demonstrates that he is indigent under 28 U.S.C. § 1915(a)(1), and the Complaint survives review under 28 U.S.C. § 1915(e)(2).

be dismissed with prejudice as to Plaintiff Bilal. Plaintiff Bilal will also be dismissed as a party to this case.

Federal courts are required to determine whether a plaintiff has standing to bring the claims alleged pursuant to Article III of the Constitution, which limits federal jurisdiction to "live cases and controversies." *Aljabri v. Holder,* 745 F.3d 816, 820 (7th Cir. 2014). To meet the standing requirements of Article III, a plaintiff must demonstrate that he or she has "suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Hollingsworth v. Perry,* 570 U.S. 693, 704 (2013)(citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992)).

As noted in the original merit review order, Plaintiff Bilal does not have standing pursuant to Article III of the Constitution to bring the claims alleged in the Amended Complaint. (*See* Doc. 11, p. 3). The main allegation in the Amended Complaint is that Plaintiff Garcia was raped by his cellmate at Lawrence. (Doc. 17, p. 6). The Amended Complaint does not contain allegations regarding any violations of Plaintiff Bilal's constitutional rights. The only connection that Plaintiff Bilal has to Plaintiff Garcia's alleged constitutional deprivations is that he is Plaintiff Garcia's cousin. Plaintiff Bilal can only "assert his own legal rights and cannot assert the legal rights of a third party." *Massey v. Helman,* 196 F.3d 727, 739 (7th Cir. 1999). As he has not claimed that he has suffered any injury and "has no right to vindicate" his cousin's rights, *Delgado v. Godinez,* 283 F. App'x 528, 529 (7th Cir. 2017), Plaintiff Bilal is dismissed as a party.

Furthermore, because only Plaintiff Bilal has signed the Amended Complaint, the Amended Complaint and any claims that Plaintiff Garcia is attempting to bring are dismissed as well. "Every pleading, written, motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." FED. R. CIV.

P. 11(a). Plaintiffs were warned that a non-attorney cannot file or sign papers for another litigant and that any future group motions or pleadings that do not comply with his requirement would be stricken pursuant to Rule 11(a). (Doc. 6, p. 3). Although Plaintiff Bilal may assist Plaintiff Garcia with pleadings and motions, as a non-attorney, he may not file motions or pleadings on behalf of Plaintiff Garcia. *See Kalinowski v. Ill. Cent. Mgmt.,* No. 08-cv-14-MJR, 2008 WL 2001966 at *1 (S.D. Ill. May 7, 2008) (allowing a *pro se* plaintiff to obtain additional time for other plaintiffs by filing a motion that contained only his signature would be to allow plaintiff to "engage in the unauthorized practice of law before this Court."). As the Amended Complaint only contains Plaintiff Bilal's signature, (Doc. 17, p. 8), and he does not have standing to bring the alleged claims, the Amended Complaint is dismissed without prejudice.

## LEAVE TO AMEND

Because it is unclear whether Plaintiff Garcia intends to pursue his claims in this action, he will be given another opportunity to re-plead his claims in an amended complaint if he wishes to proceed with this case. When preparing the amended complaint, Plaintiff Garcia should identify each defendant in the case caption and set forth sufficient allegations against each defendant in the statement of claim to describe what the defendant did or failed to do to violate his constitutional rights. Plaintiff Garcia must ***sign the document for himself***. *See Lewis v. Lenc-Smigh Mfg. Co.,* 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11(a).

## PENDING MOTIONS

For the reasons discussed, Plaintiff Bilal's Amended Complaint does not survive preliminary review under Section 1915(e)(2) and so his renewed Motion for Leave to Proceed *in forma pauperis* (Doc. 15) is **DENIED with prejudice.**

Plaintiff Garcia's Motion for Leave to Proceed *in forma pauperis* (Doc. 19) is **DENIED** as moot, as his IFP Motion was previously granted. (*See* Doc. 14).

Plaintiff' Garcia's Motion to Waive Filing Fee (Doc. 20) is **DENIED**. A prisoner incurs the obligation to pay the filing fee for a lawsuit when the suit is filed, and the obligation continues regardless of later developments in the suit, such as dismissal of the suit or denial of leave to proceed IFP. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). The Court has already granted Plaintiff Garcia's IFP Motion and has assessed an initial partial filing fee. Pursuant to 28 U.S.C. 1915(b)(2) "after payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." Plaintiff is once again **ADVISED** that filing fees for multiple cases cumulate. (Doc. 14). *See also Garcia v. Funk,* No. 18-cv-01001-SMY-RJD, at Doc. 4 (S.D. Ill. Apr. 25, 2018); *Newlin v. Helman*, 123 F. 3d 429, 436 (7th Cir. 1997) (overruled in part on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000)); *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000).

Within the Amended Complaint is a request for the Court to appoint Plaintiff Bilal and Garcia an attorney, along with a letter from a law firm declining representation. (Doc. 17, pp. 9, 15). As this request was neither signed by either Plaintiff or filed as a motion, this request is also **DENIED.** FED. R. CIV. P. 11(a).

## DISPOSITION

**IT IS HEREBY ORDERED** that the Amended Complaint shall be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that Plaintiff **BILAL'S** Motion for Leave to Proceed *in forma pauperis* (Doc. 15) is **DENIED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2) and

Plaintiff **BILAL** is dismissed as a party to this action. Plaintiff **BILAL** is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS FURTHER ORDERED** that Plaintiff **GARCIA'S** Motion for Leave to Proceed *in forma pauperis* (Doc. 19) is **DENIED** as moot and his Motion to Waive Filing Fee (Doc. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that request for recruitment of counsel is **DENIED** without prejudice.

Plaintiff **GARCIA** is **GRANTED** leave to file a "Second Amended Complaint" on or before **November 25, 2019**. Failure to comply with this deadline or the instructions in this Order shall result in dismissal of this action with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff **GARCIA'S** three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff **GARCIA** use the civil rights complaint form designed for use in this District. He should label the form, "Second Amended Complaint," and he should use the case number for this action (No. 19-cv-00687-NJR). Plaintiff **GARCIA** should attempt to include all the facts of the case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff **GARCIA** should refrain from filing unnecessary exhibits, but must re-file any of those exhibits they would like the Court to consider when reviewing the Second Amended Complaint. He should include only related claims. Unrelated

claims against different defendants will be severed into new cases and additional filing fees may be assessed. To enable Plaintiff **GARCIA** to comply with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff **GARCIA** a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Second Amended Complaint must stand on its own without reference to any previous pleading. The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff **GARCIA** is further **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff **GARCIA** elect to file a Second Amended Complaint. 28 U.S.C. § 1915(b)(1).

Finally, Plaintiffs are **ADVISED** that they are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in their addresses; the Court will not independently investigate their whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 21, 2019**

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**