# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS H. GARCIA, #M41479, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 19-cv-00687-NJR |
| vs. | ) ) |
| LAWRENCE CORRECTIONAL CENTER, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

Plaintiff Carlos Garcia, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pontiac Correctional Center, and Plaintiff Tariq Bilal filed this action pursuant to 42 U.S.C. § 1983 alleging the rape of Plaintiff Garcia by his cellmate, while at Lawrence Correctional Center. The Complaint was dismissed pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2).[1] Both Plaintiffs were granted leave to file a "First Amended Complaint." (Doc. 11). Plaintiff Bilal filed an amended complaint and renewed his Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). The Court dismissed Plaintiff Bilal's amended complaint and denied his IFP Motion. (Doc. 21). Additionally, Plaintiff Bilal was dismissed as party to this action for lack of standing pursuant to Article III of the Constitution. (*Id.* at p. 3). Plaintiff Garcia was granted leave to file a "Second Amended Complaint" on or before November 25, 2019. (*Id.* at p. 6). He was warned that the action would be dismissed with prejudice and that the dismissal would

---

[1] Although at the time of filing Plaintiff Bilal was not a "prisoner" for the purposes of the IFP statute of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, the Court can allow a civil case to proceed without prepayment of fees, if the litigant demonstrates that he is indigent under 28 U.S.C. § 1915(a)(1), and the Complaint survives review under 28 U.S.C. § 1915(e)(2).

1

count as a "strike" under 28 U.S.C. § 1915(g), if he failed to file an amended complaint by the deadline. (*Id.*).

Plaintiff Garcia missed the deadline. More than a week has passed since it expired. He has not requested an extension or filed an amended complaint.

The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed with prejudice for failure to comply with a Court Order (Doc. 21) and/or prosecute his claims. *See* FED. R. CIV. P. 41(b). The dismissal counts as one of Plaintiff Garcia's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

## DISPOSITION

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff Garcia's failure to comply with the Court Order to file a Second Amended Complaint on or before November 25, 2019, (Doc. 21), and Plaintiff Garcia's failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as one of Plaintiff Garcia's three allotted "strikes" within the meaning of § 1915(g).

Plaintiff Garcia is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If a plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If a plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.

He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, a plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  December 5, 2019**

  _s/ Nancy J. Rosenstengel_
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**